# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**REBECCA JEAN JONES a/k/a**　　　　　　　　　　　　　　　　　　　　　　　　**APPELLANT**
**Rebecca Jean Mcgahey**

**V.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 4:15-CV-176-DMB**

**DOROTHY MORGAN**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**APPELLEE**

## MEMORANDUM OPINION AND ORDER

Rebecca Jean Jones appeals two orders entered by the United States Bankruptcy Court for the Northern District of Mississippi—one lifting the automatic stay as to a mobile home leased by Jones, and the other denying reconsideration of the order lifting the stay. Because the record on appeal is insufficient to reach a decision on the merits, the Court will dismiss Jones' appeal without prejudice.

## I
## Relevant Procedural History

### A. Bankruptcy Proceedings

On April 28, 2015, Jones filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi. Doc. #8. On May 8, 2015, Jones filed a Summary of Schedules in which she claimed as a Schedule C exemption a "1999 Cavalier 84 ft. x 16 ft. mobile home" valued at $28,000.00. Doc. #16 at 7. In her "Schedule D – Creditors Holding Secured Claims," Jones listed a 2008 "rent to own" agreement for the Cavalier mobile home. *Id*. at 8. On May 18, 2015, Jones filed an amended Schedule D, which lists the rent to own agreement for the mobile home and identifies Dorothy Morgan as the creditor on the agreement. Doc. #20 at 1.

On June 17, 2015, Morgan filed a "Motion to Grant Relief from Automatic Stay." Doc. #22. In her motion, Morgan represented that Jones was leasing the mobile from Morgan on a month to month basis and that Jones was "delinquent in the payment of her rent." *Id*. Morgan asked the Bankruptcy Court to declare the mobile home abandoned from the estate "so that [Morgan] may give [Jones] the required notice to terminate the month to month lease and to then take possession of her mobile home." *Id*.

The following day, on June 18, 2015, the Bankruptcy Court noticed a hearing on Morgan's motion for July 14, 2015. Doc. #23. On June 22, 2015, Morgan, citing a scheduling conflict with her counsel, moved to continue the hearing until August 18, 2016. Doc. #24. The Bankruptcy Court granted the motion for continuance on June 23, 2015. Doc. #25.

On July 7, 2015, the Bankruptcy Court extended the automatic stay pending resolution of Morgan's motion. Doc. #27. The same day, Jones, acting pro se, filed an "Objection to Motion by Creditor Dorothy Morgan for Relief from Stay." Doc. #28. In her filing, Jones alleged that she and her ex-husband had a rent to own agreement with Morgan for the mobile home which Morgan wrongly rejected, that Morgan failed to object to the mobile home's listing as a Schedule C exemption, and that in her case, "the Rules of bankruptcy do not allow for the lifting of the Automatic Stay on property filed as exempt." *Id*. at 1–2.

Approximately one month later, on August 6, 2015, Jones filed a "Motion for Court to Deny Motion to Lift Stay; and for Court to Close Case." Doc. #29. The motion repeated Jones' previous allegations that she had a rent to own agreement with Morgan and that Jones was current on all payments when she filed for bankruptcy. *Id*. The motion asked that the motion to lift the stay be denied. *Id*.

The Bankruptcy Court convened a hearing on the motion to lift the stay on August 18, 2015. *See* Doc. #31 (transcript request for August 18, 2015 hearing). Six days later, on August 24, 2015, United States Bankruptcy Judge Jason D. Woodard issued a one-page order granting Morgan's motion to lift the stay. Doc. #30. In the order, Judge Woodard, without citing specific evidence, found that "there was no written rent to own agreement between the parties and that any such oral agreement would be barred by the statute of frauds, [and] the [d]ebtor was a month to month tenant." *Id*.

On September 8, 2015, Jones filed a "Motion for Court by Bankruptcy Rule 8022 to Reconsider Stay Lift Order [Dkt.32] According to F.R.C.P. 59 (e) and/or 60 (b) (1) Surprise (3) Fraud by Opposing Party." Doc. #34. In her motion, Jones sought reconsideration of the order lifting the stay on multiple grounds, including that: (1) Morgan never "answered" Jones' August 6, 2015, motion; (2) Jones lacked notice of the nature of the hearing; (3) the bankruptcy judge did not swear in the parties for the hearing; (4) the mobile home was listed as exempt in Schedule C and was, therefore, not a part of the estate so the Bankruptcy Court lacked jurisdiction to lift a stay; (5) evidence showed that her payments to Morgan were timely; and (6) the bankruptcy judge applied an incorrect burden of proof. *Id*. The Bankruptcy Court noticed a hearing on Jones' motion for reconsideration for October 6, 2015. Doc. #35.

On September 17, 2015, Jones filed a "Notice to Court that Debtor Motion [Dkt.31] Filed on 8/6/15 Before the [Dkt.21] Hearing on 8/18/15 Was Never Responded too [sic] and Never Resolved by the Court According to Motion Rules and in Particular Local Rule 9013-1 (d) as Required." Doc. #36.

On August 25, 2015, Jones filed a "Transcript or Audio File Request" for a transcript of the August 18, 2015, hearing. Doc. #31. The request, which purports to be for the "Full

3

Transcript or Full Audio (which ever [sic] is available or both)," represents that a "$30.00 Money Order [is] attached."[1] *Id*. The request form provides that "[i]f this request is for a transcript, the requesting party is responsible for paying fees and delivery charges to the transcriber." *Id*.

On October 2, 2015, Morgan responded in opposition to the motion for reconsideration. Doc. #37. The Bankruptcy Court held a hearing on the motion for reconsideration on October 6, 2015. Doc. #39.[2]

On October 22, 2015, Judge Woodard denied Jones' motion for reconsideration. Doc. #39. In doing so, Judge Woodard construed the motion for reconsideration as a Rule 60 motion because Jones sought reconsideration more than fourteen days after issuance of the order lifting the stay. *Id*. at 2. Noting that Jones appeared at the August 18, 2015, hearing on the motion to lift stay, Judge Woodard found that Jones had adequate notice of the hearing. *Id*. Judge Woodard also held that, insofar as Jones' motion for reconsideration conceded that the mobile home was not part of the estate, both parties "appear to have agreed that the automatic stay was not in effect regarding the mobile home." *Id*.

On October 28, 2015, Jones filed a "Motion: According to FED.R.CIV. P. 60(b) (1) for Relief from Judgment for Material Mistakes in Facts and Law Made in DKT [43] Order Entered Late on 10/22/15." Doc. #40. In her motion, Jones argued that the original motion for reconsideration should have been evaluated under Rule 59, not Rule 60; that the Bankruptcy Court erred in allowing an attorney to participate in arguing the motion for reconsideration

---

[1] Pursuant to the Bankruptcy Court Miscellaneous Fee Schedule, there is a thirty-dollar fee for reproduction of an audio recording.

[2] This cited document confirms a hearing date of October 6, 2015. However, another entry on the Bankruptcy Court docket reflects that the hearing was October 7, 2015. Doc. #6 at 7.

without notice to Jones; and that the Bankruptcy Court erred in allowing Morgan to file a response to Jones' motion that was not served on Jones via U.S. Mail. *Id*. Jones asked the Bankruptcy Court to vacate its order denying reconsideration. *Id*.

On November 3, 2015, Judge Woodard denied the motion to vacate the order denying reconsideration. Doc. #41. Judge Woodard found that Jones' timely filed her motion for reconsideration and that, therefore, the motion should have been evaluated as a Rule 59 motion. *Id*. However, Judge Woodard also found that the motion for reconsideration failed under Rule 59, and that the participation of new counsel did not warrant relief from the order denying reconsideration. *Id*. at 2–3.

Also on November 3, 2015, Jones filed a notice of appeal. Doc. #1. The same day, she filed a motion to stay pending appeal the order lifting the stay and the order denying reconsideration. Doc. #42.

On November 12, 2015, Jones filed a "Transcript or Audio File Request" for a transcript of the October 6, 2015, hearing. Doc. #4. The request states: "$30 Money Order Enclosed for Transcript. Please furnish me a non-edited, unaltered copy of 10/06/15 transcript. The 08/18/15 transcript I received from you was altered/edited in important parts that prejudices my side. Transcript is for appeal." *Id*. The request form provides that "[i]f this request is for a transcript, the requesting party is responsible for paying fees and delivery charges to the transcriber." *Id*. The docket entry includes a receipt from the Bankruptcy Court for the payment of thirty dollars, made by check, for "AUD RECORD." *Id*. at 2.

On November 16, 2015, Jones filed a "Designation of the Record" in the Bankruptcy Court. Doc. #7. In her designation, Jones represents that she: (1) "ordered and received an audio transcript of the 08/18/15 hearing soon after the said hearing[, but] the audio transcript ...

had been edited/altered with important segments beneficial to my side edited out;" and (2) was in the process of "ordering a true and correct unedited/unaltered transcript of the 10/06/15 hearing for the record on appeal." *Id*. at 1 (emphases omitted). Judge Woodard denied the motion to stay pending appeal on November 20, 2015. Doc. #44.

### B. Appeal

Jones' notice of appeal, which challenges the order lifting the stay and the denial of reconsideration, was docketed in this Court on December 7, 2015. Doc. #1. The same day, Jones filed a "motion" seeking a stay pending appeal and reversal of the Bankruptcy Court's order denying her motion to stay. Doc. #2. On December 16, 2015, Jones filed a motion seeking a stay of the appeal "Until Record and Transcripts Filed and Until this Motion to Stay Judgment Decided." Doc. #3. Jones' second motion alleges numerous ethical violations against a bankruptcy clerk Jones claims engaged in "deliberate sabotage of my appeal" by failing to timely transmit a complete record. *Id*. Jones also claims that she ordered the transcripts from the August and October hearings but never received them. *Id*. at ¶ 18. Morgan responded in opposition to both filings on January 13, 2016. Doc. #4. Jones replied on January 25, 2016. Doc. #5.

On May 26, 2016, the Bankruptcy Clerk filed a "Notice of Transmittal of Unperfected Record." Doc. #6. The notice asserts that "appellate has not timely complied with all of the procedural mandates of Rule 8006 of the Federal Rules of Bankruptcy Procedure, specifically, the appellant has failed to make arrangements with Veritex for completion of, and payment for, written transcripts ...." *Id*. (emphases omitted). The notice provides that "although the record remains unperfected, the record is deemed completed as to the notice of appeal or district court order and such documents as may have been timely filed." *Id*.

## II
## Timeliness of Appeal

In the order denying a stay pending appeal, Judge Woodard found that this Court likely lacked jurisdiction to consider Jones' appeal of the order lifting the stay because the notice of appeal was untimely. Doc. #44 at 5. Insofar as this concern relates to jurisdiction,[3] the Court first considers the timeliness of the appeal.

Pursuant to 28 U.S.C. § 158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

As an initial matter, "an order granting relief from an automatic stay is a final and appealable order." *Matter of Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997). "An appeal under subsection[] (a) ... shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Under Rule 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." If, however, a party files a motion to alter or amend judgment under Bankruptcy Rule 9023 or for relief under Bankruptcy Rule 9024, the time to file an appeal runs

---

[3] *See In re Bayhi*, 528 F.3d 393, 401 (5th Cir. 2008) (emphasis omitted) ("Although raised by neither party on appeal, we note sua sponte, as we must, that there is an unanswered question as to our jurisdiction—whether Aguiluz timely filed his notice of appeal of the bankruptcy court's judgment to the district court.").

7

from the entry of the order disposing of the motion. Fed. R. Bankr. P. 8002(b)(1)(B), (D). "Successive" post-judgment motions do not toll the time period. *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 2000); *see In re Colomba*, 257 B.R. 368, 370 (B.A.P. 1st Cir. 2001) ("[M]otion for re-reconsideration ... tolls only the time for filing an appeal from the [order denying reconsideration].").

As the Bankruptcy Court correctly found by in its order on the motion to vacate, Jones' September 8, 2015, motion for reconsideration was a timely motion to alter or amend the order lifting the stay made pursuant to Bankruptcy Rule 9023.[4] Therefore, the time to appeal the order lifting the stay did not begin to run until October 22, 2015, when Judge Woodard denied the motion for reconsideration. The notice of appeal, which challenges the order lifting the stay and the order denying reconsideration, was filed on November 3, 2015, within fourteen days of October 22, 2015. Accordingly, the notice of appeal is timely as to both orders.

## III
## State of the Record

"The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). "Dismissal of the appeal may be appropriate where the record does not disclose the factual or legal basis of the bankruptcy court's decision, and the appellant has failed to provide the reviewing court with the key portions of the record." *Galasso v. Imes*, No. A-15-CA-578-SS, 2015 WL 6443135, at *5 (W.D. Tex. Oct. 22, 2015) (citing *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 218 (E.D.N.Y. 2014)); *see*

---

[4] Rule 59 of the Federal Rules of Civil Procedure is made applicable in bankruptcy cases by Bankruptcy Rule 9023. Fed. R. Bankr. P. 9023.

*In re CPDC Inc.*, 221 F.3d at 700–01 (dismissal inappropriate where "district court ha[d] an adequate record upon which to decide the merits of the appeal").

### A. Completeness of the Record

Within fourteen days of filing a notice of appeal, an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a). Generally, "when the record is complete, the bankruptcy clerk must transmit to the clerk of court where the appeal is pending either the record or a notice that the record is available electronically." Fed. R. Bankr. P. 8010(b)(1). However, where, as here, a party moves the district court for a stay pending appeal, the "bankruptcy clerk must then transmit to the clerk of the court where the relief is sought any parts of the record designated by a party to the appeal or a notice that those parts are available electronically." Fed. R. Bankr. P. 8010(c).

> The record on appeal must include the following:
>
> • docket entries kept by the bankruptcy clerk;
> • items designated by the parties;
> • the notice of appeal;
> • the judgment, order, or decree being appealed;
> • any order granting leave to appeal;
> • any certification required for a direct appeal to the court of appeals;
> • any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;
> • any transcript ordered under subdivision (b);
> • any statement required by subdivision (c); and
> • any additional items from the record that the court where the appeal is pending orders.

Fed. R. Bankr. P. 8009(a)(4). Rule 8009(b)(5), in turn, directs that "[i]f the appellant intends to argue on appeal that a finding or conclusions unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits."

9

Here, Jones' "Designation of the Record" lists the transcripts from the August and October hearings, and twelve "issues to be considered on appeal":

1. Did the court err in allowing the party who filed a 362 motion to lift the stay on my exempt filed property instead of a 4003 (b) (1) challenge to same, to argue in the stay lift hearing, a 4003 (b) (1) challenge anyhow, although same not filed, in lieu of the stay lift motion filed?

2. Did the court err in penalizing me because I did not come to the 08/18/15 stay lift hearing prepared to argue on an unfiled 4003 (b) (1) challenge to my exemption by the creditor?

3. Did the court err in issuing an order to lift the stay on an exempt filed mobile home on which there was by exemption rules, no stay to lift, after creditor was erroneously allowed to argue in court set stay lift hearing, an unfiled 4003 (b) (1) motion in lieu of stay lift motion filed?

4. Did the court err by allowing the creditor to argue in the hearing on the motion to lift the stay, that the oral rent to own agreement between me and creditor was invalid because it did not meet the requirement in UCC statute of frauds for contracts between merchants for goods to be in writing if $500 0r [sic] more, when no challenge was ever made to my exempt property filing before the stay lift hearing?

5. Did the court err in singing an order drawn up by the creditor's attorney after the stay lift hearing wherein a 4003 (b) (1) challenged was improperly heard instead of the stay lift motion filed, wherein the order ruled that the oral rent to own agreement violated the statute of frauds as reason to lift the stay?

6. Did the court err when it signed and entered an order drawn up by creditor's attorney after the purported to be stay lift hearing, wherein the order falsely claimed an un -responded to and un-considered by court motion by me to dismiss the case for cause, was responded to and considered by the court, same court knew was not true.

7. Did the court err by refusing to consider my rule 59(e) motion as a 59(e) motion, by wrongly alleging, later admitted wrong by court, that I had filed the motion to reconsider outside of the 14 day time to file, regardless the fact that the 14th day to file ended on a court holiday i.e. labor day, thus 14th day to file went to the next day thus motion was timely filed, plus rule 5 granted a 3 day mail time added to the 14 day to file.

8. Did the court err by allowing an unknown attorney with court record showing no prior approval by substitute attorney forms, who had never appeared in the 6 month old case before, but was now appearing after case over, in a post trial

reconsideration motion, with neither the attorney of record nor the creditor in court to vouch for the attorney, same who had not served me by mail as record showed, a copy of his response to my reconsideration motion, be allowed to respond to a motion to reconsider a final judgment, and then appear and argue for the absent client and attorney of record at the hearing to my utter surprise and objections to his presence.

9. Did the court err when in the hearing it allowed the unknown attorney from "8 " [sic] It above, to represent the creditor, by taking the attorney's word that he had by rules mailed me a copy of his response to my reconsideration motion, in spite of fact that at my repeated urging, the court reviewed the certificate of service filed on docket by the attorney, which showed that he had not mailed me a copy of said response thus I was by record shown not served?

10. Did the court err when it ruled in the hearing that in spite of the certificate of service showing he had not served me by mail, that the court was going to take the word of the attorney instead of the docket entry contradicting the attorneys sworn statement in court, because, the court ruled: the court believed the attorney had mailed me the response as the attorney claimed, despite certificate of service showing otherwise, but I just had not (sic) received the response in the mail (sic) yet?

11. Did the court err when it ordered the previous order to lift the stay approved after the reconsideration hearing, when in the creditor's response to my motion to reconsider and in the said motion on reconsideration, the creditor now agreed several times with me, verbally and in writing, same acknowledged by the court, all on court records in docket, that there never was a stay on the property to lift, i.e. that the stay lift motion was (sic) unnecessary, just filed out of caution by the creditor in the first place about 4 months previous?

12. Did the court err when after reconsideration motion it ordered the stay lifted on the exempt filed property upholding original stay lift motion, when in final hearing to reconsideration motion, the creditor now agreed with me that there was never any stay to lift on the property same which I had claimed and argued all along because I had filed the property exempt and the creditor never filed a timely 4003 (b) (1) challenge to my exempted property.

Doc. #7 (emphasis omitted).

For the most part, Jones' enumerations of error relate to oral procedural rulings made at the hearings on the motion to lift the stay and the motion for reconsideration. Specifically, Jones argues that the Bankruptcy Court erred in: (1) allowing Morgan to expand the procedural scope of the motion to lift the stay during the August hearing (enumerations one, three, four, and five);

(2) "penalizing" Jones for being unprepared to argue the new grounds for Morgan's motion (enumeration two); (3) allowing an "unknown" attorney to appear at the October hearing (enumeration eight); (4) crediting certain evidentiary statements made by the "unknown" attorney during the October hearing (enumeration nine); (5) and failing to consider all of Jones' submissions (enumeration six). As presented, transcripts of the procedural oral rulings should have been provided under Rule 8009(a). Likewise, to the extent Jones wishes to challenge Judge Woodard's reliance on certain statements made during the October hearing, a transcript and/or evidence related to such evidence is required under Rule 8009(b)(5). No transcript or evidence from either hearing appears in the record. Accordingly, the record on appeal is incomplete.

### B. Motion to Stay Pending Transmission of Record

As explained above, Jones has asked this Court to stay her appeal "Until Record and Transcripts Filed and Until this Motion to Stay Judgment Decided." Doc. #3. As grounds for the requested relief, Jones, citing the one-month delay in transmitting the notice of appeal and an alleged error in docket text, claims that a specific bankruptcy clerk has attempted to sabotage her appeal. *Id*. at 2, 5. Even accepting this allegation as true, it would not justify a stay pending the filing of the relevant transcripts.

Under the Rules of Bankruptcy Procedure, an appellant must "order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file [,] file a copy of the order with the bankruptcy clerk[, and a]t the time of ordering ... make satisfactory arrangements with the reporter for paying the cost of the transcript." Fed. R. Bankr. P. 8009(b). A reporter[5] need only prepare and file a transcript if the transcript is ordered "in

---

[5] "If proceedings were recorded without a reporter being present, the person or service selected under bankruptcy court procedures to transcribe the recording is the reporter ...." Fed. R. Bankr. P. 8010(a)(1).

12

accordance with Rule 8009(b)." Fed. R. Bankr. P. 8010(a)(2). Accordingly, an appellant's failure to arrange for payment of a transcript under Rule 8009(b)(4) has the same effect as the failure to order a transcript under Rule 8009(b)(1). *See In re Cabrera*, 2007 WL 4380275, at *1 (W.D.N.C. Dec. 11, 2007) ("Appellant has failed to pay for the transcript, and thus, no transcript has been filed with the clerk."). In contrast, the bankruptcy clerk need only *transmit* the record. *See* Fed. R. Bankr. P. 80010(b).

Jones has offered no proof that the Bankruptcy Clerk failed to transmit the relevant transcripts. Furthermore, Jones has offered no proof that the Bankruptcy Clerk misrepresented the fact that, contrary to the relevant rules, Jones failed to arrange with the reporter for payment of the ordered transcripts.[6] Therefore, any alleged misconduct by the Bankruptcy Clerk did not and does not relieve Jones of her duty to ensure payment for, and thus delivery of, the August and October transcripts.

In sum, in the nearly eight months since the filing of the motion to stay, Jones failed to satisfy her obligation to arrange for payment of the transcript, an obligation which arose at the time of ordering. *See* Doc. #6. In the nearly three months since being informed of this deficiency, Jones still failed to act. Under these circumstances, the Court does not believe that a stay pending the filing of the transcripts would serve any purpose other than create an indefinite delay of this case. Accordingly, Jones' motion to stay pending the filing of the transcripts, Doc. #3, will be denied.[7]

---

[6] In her motion, Jones states, "Nor has [sic] the transcripts I paid for been filed in the [district court] by the ... clerk ...." Doc. #3 at ¶ 9. While the docket reflects that Jones paid the Bankruptcy Court the filing fee for the audio recordings, there is no evidence she paid the reporter for the relevant transcripts.

[7] Notwithstanding this ruling, as set forth below, Jones will be given an opportunity to complete the record.

# IV
# Dismissal

Having concluded that the record on appeal is incomplete, the Court must decide whether this appeal should be dismissed. As explained above, "[d]ismissal of the appeal may be appropriate where the record does not disclose the factual or legal basis of the bankruptcy court's decision, and the appellant has failed to provide the reviewing court with the key portions of the record." *Galasso*, 2015 WL 6443135, at *5; *see In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009) ("Buccolo did not comply with the Bankruptcy Rules for filing a brief within 15 days of the docketing of his appeal, *see* Fed. R. Bankr.P. 8009(a)(1), or for providing for the transcript of the Bankruptcy Court proceedings, *see* Fed. R. Bankr.P. 8006. Either of these violations is grounds for dismissal under Bankruptcy Rule 8001.").[8] Such dismissal may be sua sponte. *In re Lou*, 116 F.3d 1486 (9th Cir. 1997) (unpublished table decision).

Here, the bulk of Jones' enumerations of error relate to procedural rulings and/or representations made at the August and October hearings. Transcripts of these hearings have not been provided. Accordingly, the Court concludes that the record does not disclose the factual or legal bases for the challenged decisions and that Jones has failed to provide key portions of the record. This failure is particularly egregious given that Jones has been on notice of the missing transcripts for more than two months.

Under these circumstances, the Court will dismiss Jones' appeal without prejudice to Jones seeking reinstatement after providing the Court with a transcript of the August 8 and October 6 hearings.[9] *See In re Alexander*, No. 01-62882(KFC), Civ.A 05-2467 MLC, 2006 WL

---

[8] Rule 8006 was the predecessor of current Rule 8009.

[9] Should Jones submit a sufficient record, this Court will provide the parties an opportunity to supplement their briefing in light of the record.

753148, at *7 (D.N.J. Mar. 22, 2006) ("Thus, the Court cannot conduct a meaningful review of this issue without reviewing the transcript of the April 6, 2005 hearing. Accordingly, the Court will dismiss Wells Fargo's appeal from the Rule 60(b) Order without prejudice to reinstate the appeal after providing the Court with a transcript of the April 6, 2005 hearing.") (footnote omitted). Likewise, insofar as this appeal will be dismissed, Jones' motion to stay pending appeal, Doc. #2, will be denied without prejudice as moot. *See generally In re Neurology and Neurophysiology Assocs., P.A.*, 628 F. App'x 248, 252 (5th Cir. 2015) ("[I]in light of our affirmance of the district court's motion to dismiss, this Court also need not address the motion to extend the automatic stay.").

# V
# Conclusion

For the reasons above, Jones' motion to stay this appeal pending the filing of transcripts [3] is **DENIED**. This appeal is **DISMISSED without prejudice** for failure to submit a complete record. Jones may supplement the record within thirty (30) days of the date of this order and, within thirty (30) days of such supplementation, move for reinstatement of the appeal. Accordingly, Jones' motion to stay pending appeal [2] is **DENIED as moot**.

**SO ORDERED**, this 15th day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**